SCAD-12-00001113

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

GREG I. NISHIOKA, Respondent.

---

ORIGINAL PROCEEDING
(ODC 12-014-9030, 12-035-9051,
12-048-9064, 12-049-9065, 12-050-9066)

<u>ORDER ALLOWING RESIGNATION IN LIEU OF DISCIPLINE</u>
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the Office of Disciplinary Counsel (ODC)'s "Petition for Order Granting Request of Greg I. Nishioka to Resign From the Practice of Law in Lieu of Discipline" and the memorandum, affidavits, and exhibits in support thereof, it appears the Petition is supported by Respondent Nishioka's affidavit and that the affidavit meets the requirements of Rule 2.14(a) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH). In sum, Nishioka admits to failing to act with reasonable competence or diligence in representing clients, failing to keep clients reasonably informed about the status of their matters and promptly complying with their

reasonable requests for information, commingling and misappropriating client funds, failing to promptly render accurate accountings, failing to return client files or to provide refunds upon request, falsely communicating the nature of his practice through the use of a misleading name for his firm, failing to respond to ODC's lawful demands for information during the resulting investigations, and engaging in deceitful conduct, resulting in forty-seven separate violation of Rules 1.1, 1.3, 1.4(a), 1.15(c), 1.15(d), 1.15(f)(3), 1.15(f)(4), 1.16(d), 7.1(a), 7.5(a), 8.1(b), 8.4(c), and 8.4(d) of the Hawaiʻi Rules of Professional Conduct. It further appears that, because Respondent Nishioka's behavior included misappropriation of client funds, any reinstatement must be predicated upon full restitution of all misappropriated money. Therefore,

IT IS HEREBY ORDERED, pursuant to RSCH Rule 2.14, that the petition is granted and Respondent Greg I. Nishioka's request to resign in lieu of discipline is granted.

IT IS FURTHER ORDERED that the resignation is effective 30 days after the date of this order, as provided by RSCH Rules 2.14(d) and 2.16(c).

IT IS FURTHER ORDERED that any future reinstatement is conditioned upon proof that Respondent Nishioka has made full restitution of all misappropriated monies.

IT IS FURTHER ORDERED that (1) the Clerk shall remove

2

Respondent Nishioka's name from the role of attorneys licensed to practice law in this jurisdiction and (2) within thirty days after entry of this order, Respondent Nishioka shall submit to the Clerk of this court the original certificate evidencing his license to practice law in this jurisdiction.

IT IS FURTHER ORDERED that (1) Respondent Nishioka shall comply with the requirements of RSCH Rule 2.16 and (2) the Disciplinary Board shall provide notice of the disbarment as required by RSCH Rule 2.16(e) and (f).

IT IS FINALLY ORDERED that Respondent Nishioka shall pay to the Disciplinary Board all costs associated with these proceedings upon the timely submission of a verified bill of costs, as authorized by RSCH Rule 2.3(c).

DATED: Honolulu, Hawai'i, February 11, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



3